(No. 2923—

MONA MATHESON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1941.*

GEORGE C. BOTH, for claimant.

GEORGE F. BARRETT, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant in her complaint alleges that she is the owner of a 1928 Buick coach; that during the years 1932, 1933 and 1934, in making application to the Secretary of State for the issuance of license plates for such automobile, through inadvertence she made an over-payment of Four Dollars ($4.00) for each of such years;— and she therefore asks for a refund of such over-payment, to wit, Twelve Dollars ($12.00).

It is a rule of general application that where taxes or license fees are paid voluntarily, with a knowledge of the facts, and not under protest or compulsion, the same cannot be recovered back. It is also well settled that where license fees are paid under a mistake of fact, such payment is considered as not having been voluntarily made and therefore may be recovered.

However, where the tax is correctly computed by the taxing officer on the basis of an application or return filed by the applicant, and the over payment is the result of inadvertence or mistake on the part of the taxpayer himself, and not on the part of the taxing officer, the payment is not made under a mistake of fact within the legal meaning of those words and cannot be recovered. (*Western Dairy Co. vs. State,* 9 C. C. R. 498; *James B. Emerick vs. State,* 9 C. C. R. 510; *Stotlar-Herrin Lumber Co. vs. State,* 9 C. C. R. 517; *Fried Bell Paper Co. vs. State,* 9 C. C. R. 531; *Monarch Fire Insurance Co. vs. State,* 9 C. C. R. 538; *Oppenheimer Casing Co. vs. State,* 10 C. C. R. 9.)

Upon the facts set forth in the complaint, we have no authority to allow an award, and the claim must therefore be dismissed.

Award denied. Case dismissed.